**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
WESTERN DIVISION**

EDER NOE SOSA-JIMENEZ,

    Petitioner,

vs.

UNITED STATES OF AMERICA,

    Respondent.

No. C11-4032-MWB
No. CR08-4009-MWB

**MEMORANDUM OPINION AND ORDER REGARDING RESPONDENT'S MOTION FOR SUMMARY JUDGMENT**

_____

**TABLE OF CONTENTS**

*I.   INTRODUCTION ......................................................................... 2*
    *A.   Procedural Background ........................................................ 2*
        *1.   Criminal case proceedings ............................................ 2*
        *2.   Petitioner's § 2255 Motion .......................................... 4*
    *B.   Factual Background ............................................................. 5*

*II.   LEGAL ANALYSIS ...................................................................... 7*
    *A.   Standards For Summary Judgment ........................................ 7*
    *B.   Standards For Equitable Tolling ............................................ 8*
    *C.   Petitioner's Equitable Tolling Claim ....................................... 9*
        *1.   "Diligence" ................................................................ 9*
        *2.   "Extraordinary circumstances" ................................... 11*
        *3.   Disposition ............................................................... 13*
    *D.   Certificate Of Appealability ................................................. 14*

*III.   CONCLUSION .......................................................................... 15*

## I. INTRODUCTION

This case is before me on the respondent's motion for summary judgment, in which the respondent seeks dismissal of petitioner Eder Noe Sosa-Jimenez's *pro se* Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody as untimely pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Sosa-Jimenez resists respondent's motion and contends that the statute of limitations on his § 2255 motion should be equitably tolled, owing to the conduct of his trial counsel, which prevented him from timely filing his § 2255 Motion.

### A. Procedural Background

#### 1. *Criminal case proceedings*

On January 24, 2008, Sosa-Jimenez, along with three other individuals, was charged by a four-count Indictment. Sosa-Jimenez was charged in Count 1 with being a previously deported alien who was found in the United States without the express consent of the Attorney General or his successor, the Secretary for Homeland Security, in violation of 8 U.S.C. § 1326(a). The other three defendants were charged, in Counts 2 through 4, with illegal entry, in violation of 8 U.S.C. § 1325(a). On April 18, 2008, Sosa-Jimenez's case was severed from the other defendants because each of the defendants was charged with a completely separate and unrelated crime, and Sosa-Jimenez, alone, was charged with a felony while the others were charged with misdemeanors.

On May 29, 2008, a seven-count Superseding Indictment was filed, charging Sosa-Jimenez and Leandro Cervantez-Murillo with conspiring to distribute and possess with intent to distribute 50 grams or more of pure methamphetamine or a mixture or substance containing 500 grams of methamphetamine, and to employ, hire, use, persuade, induce, or coerce a minor to distribute or possess with intent to distribute methamphetamine, in

violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), 846, and 861(b) (Count 1); distributing methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C) (Count 2); employing, hiring, using, persuading, inducing, or coercing a minor to distribute, and aid and abet the distribution of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), 861(a)(1), 861(b), and 18 U.S.C. § 2 (Count 3); and distributing and aiding and abetting the possession with intent to distribute 50 grams or more of a methamphetamine mixture which contained 5 grams or more of pure methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), and 18 U.S.C. § 2 (Count 5). Sosa-Jimenez was also charged with possessing with intent to distribute and aiding and abetting the possession with intent to distribute 50 grams or more of a methamphetamine mixture which contained 5 grams or more of pure methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), and 18 U.S.C. § 2 (Count 6) and with being a previously deported alien who was found in the United States without the express consent of the Attorney General or his successor, the Secretary for Homeland Security, in violation of 8 U.S.C. § 1326(a) (Count 7).[1]

On September 18, 2008, Sosa-Jimenez pleaded guilty to the illegal reentry charge.[2] On September 22, 2008, he proceeded to trial on the remaining charges. Following a three day trial, Sosa-Jimenez was convicted, on September 24, 2008, on Counts 1, 2, 3, and 5, but was found not guilty on Count 6. On April 8, 2009, Sosa-Jimenez's counsel filed a motion for downward variance. Sosa-Jimenez appeared before me on April 17,

---

[1] Cervantez-Murillo was also charged with distributing and aiding and abetting the distribution of 50 grams or more of a methamphetamine mixture which contained 5 grams or more of pure methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), and 18 U.S.C. § 2 (Count 4).

[2] On September 11, 2008, Cervantez-Murillo pleaded guilty before Senior United States Judge Donald E. O'Brien to Counts 1, 2, 3, and 4.

2009, for sentencing. I found that Sosa-Jimenez's total offense level was 37 with a criminal history category of I, for an advisory United States Sentencing Guideline range of 210 to 262 months. I granted Sosa-Jimenez's motion for downward variance, and sentenced him to 180 months of imprisonment on Counts 1, 3, and 5, and 24 months imprisonment on Count 7, with the sentences to be served concurrently. Judgment was entered accordingly on April 20, 2009. Sosa-Jimenez did not appeal his conviction or sentence.

  *2. Petitioner's § 2255 Motion*

On March 28, 2011, Sosa-Jimenez filed a *pro se* Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody. In his *pro se* § 2255 motion, Sosa-Jimenez asserts that his trial counsel provided ineffective assistance. More specifically, he claims that his trial counsel was ineffective in failing to file an appeal after sentencing, despite his request that he do so. After respondent filed its answer, I set a briefing schedule and counsel was appointed to represent Sosa-Jimenez on the § 2255 motion. Sosa-Jimenez timely filed his supplemental brief in support of his § 2255 motion. Respondent, in turn, filed a motion to dismiss, seeking dismissal of Sosa-Jimenez's § 2255 Motion as untimely pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Sosa-Jimenez filed a resistance, conceding that his § 2255 Motion was not filed within one year of the date of the judgment of conviction, but asserting that the statute of limitations on his § 2255 Motion should be equitably tolled, owing to the conduct of his trial counsel, which prevented him from timely filing his § 2255 motion. Because both parties had submitted affidavits that I ordinarily could not consider on a Rule 12(b)(6) motion to dismiss, I notified the parties that I was converting respondent's motion to dismiss into a motion for summary judgment pursuant to Rules 12(d) and 56 of the Federal Rules of Civil Procedure, and set a schedule for the parties to file any supplemental materials in support of their position. Respondent did not submit any

additional materials. Sosa-Jimenez filed a supplemental brief in which he attached his original petition and supporting affidavit.[3]

### B. *Factual Background*

The facts here are largely disputed. Whether the disputed allegations give rise to a genuine issue of material fact will be discussed in my legal analysis.

Sosa-Jimenez avers that:

> 2. On the day I was sentenced, I talked to Mr. Esteves in Court to advise him of my desire to Appeal.
>
> 3. After sentencing by the Trial Judge I was informed of my right to appeal and asked by the Trial Judge if I wished to appeal I answered yes and he advised Mr. Esteves to file a Notice of Appeal and he failed to do so.
>
> 4. Mr. Esteves informed me after sentencing by the trial Court that he would file the notice of appeal within the 10 day notice.
>
> 5. I wrote Mr. Esteves many times from Federal Prison requesting him about my appeal and never heard anything, he abandoned me and denied me my Right to File and [sic] Notice of Appeal.

Petitioner's Aff. at ¶¶ 2-5.

The respondent disputes Sosa-Jimenez's assertions and has presented the affidavit of Alexander M. Esteves, Sosa-Jimenez's defense counsel, who avows, in pertinent part, that: "[T]he defendant, after being advised by the district court judge following his

---

[3] Neither party requested oral arguments on the pending motion in the manner required by applicable local rules. I have not found oral arguments to be necessary, in light of the parties' written submissions.

sentence that he had a right to appeal, never asked me to appeal his case; not in person, not via telephone or not via letter. . . After the defendant was sentenced, I never heard from him again." Esteves Aff. at ¶ 5. Esteves further swears that he has never refused to file an appeal and "even if the defendant had not requested an appeal, if I believed there were grounds for an appeal, I would have filed one on his behalf on my own volition." Esteves Aff. At ¶¶ 7-8.

At Sosa-Jimenez's sentencing, the following colloquy occurred regarding Sosa-Jimenez's right to file an appeal:

> THE COURT: You have the right to appeal the sentence that I've imposed. If you decide to appeal, you need to file a written appeal with the clerk of our court within ten days from the date the judgment is signed. If you can't afford to pay for a lawyer or pay for the costs of an appeal, those costs will be paid on your behalf. Mr. Esteves, anything further on behalf of Mr. Sosa-Jimenez?
>
> MR. ESTEVES: Yes, Your Honor, if I may. Your Honor, just one thing. The defendant informs me that his parents – now that he's not there, they're going to be moving to San Bernardino, and the defendant informs me that he'd like to go to – if possible, go to a prison close to San Bernardino. This is the first I've heard of it.
>
> THE COURT: Okay. That's fine. I'll make that recommendation instead, a facility as close to San Bernardino. That would be California.
>
> MR. ESTEVES: That's correct.
>
> THE COURT: I'll be glad to make that recommendation. Anything else, Mr. Esteves?
>
> MR. ESTEVES: I have nothing further, Judge. Thank you.

Sentencing Tr. at 18.

## II. LEGAL ANALYSIS

### A. Standards For Summary Judgment

Summary judgment is only appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c) (emphasis added); *see Woods v. DaimlerChrysler Corp.*, 409 F.3d 984, 990 (8th Cir. 2005) ("Summary judgment is appropriate if viewing the record in the light most favorable to the nonmoving party, there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law."); *see generally Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986). Thus, "[t]he movant 'bears the initial responsibility of informing the district court of the basis for its motion,' and must identify 'those portions of [the record] . . . which it believes demonstrate the absence of a genuine issue of material fact.'" *Torgerson v. City of Rochester*, 643 F.3d 1031, 1042 (8th Cir. 2011) (*en banc*) (quoting *Celotex*, 477 U.S. at 323). In response, "[t]he nonmovant 'must do more than simply show that there is some metaphysical doubt as to the material facts,' and must come forward with 'specific facts showing that there is a genuine issue for trial.'" *Id*. (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986)).

When the parties have met their burden, the district judge's task is as follows:

> "On a motion for summary judgment, 'facts must be viewed in the light most favorable to the nonmoving party only if there is a genuine dispute as to those facts.'" *Ricci v. DeStefano*, ---U.S. ----, 129 S. Ct. 2658, 2677, 174 L. Ed. 2d 490 (2009) quoting *Scott v. Harris*, 550 U.S. 372, 380, 127 S. Ct. 1769, 167 L. Ed. 2d 686 (2007) (internal quotations omitted). "Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge." *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133,

> 150, 120 S. Ct. 2097, 147 L. Ed. 2d 105 (2000), quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986). . . . . "'Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial.'" *Ricci*, 129 S. Ct. at 2677, quoting *Matsushita*, 475 U.S. at 587, 106 S. Ct. 1348.

*Torgerson*, 643 F.3d at 1042-43.

"Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Ryan v. Capital Contractors, Inc.*, 679 F.3d 772, 776 (8th Cir. 2012). However, summary judgment is particularly appropriate when only questions of law are involved, rather than factual issues that may or may not be subject to genuine dispute. *See, e.g., Cremona v. R.S. Bacon Veneer Co.*, 433 F.3d 617, 620 (8th Cir. 2006).

### B. Standards For Equitable Tolling

The "governing law" against which the parties' factual contentions must be measured on summary judgment in this case, *see Anderson*, 477 U.S. at 248, is the law of "equitable tolling" of the statute of limitations for § 2255 motions. The Eighth Circuit Court of Appeals summarized the context and requirements for "equitable tolling," as follows:

> We begin by noting the Antiterrorism and Effective Death Penalty Act of 1996 imposed, among other things, a one-year statute of limitations on motions by prisoners under section 2255 seeking to modify, vacate, or correct their federal sentences. *See Johnson v. United States*, 544 U.S. 295, 299, 125 S. Ct. 1571, 161 L.Ed.2d 542 (2005). The one-year statute of limitation may be equitably tolled "only if [the movant] shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood

8

> in his way' and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 130 S. Ct. 2549, 2562, 177 L.Ed.2d 130 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S. Ct. 1807, 161 L.Ed.2d 669 (2005)) (applicable to section 2254 petitions); *see also United States v. Martin*, 408 F.3d 1089, 1093 (8th Cir.2005) (applying same rule to section 2255 motions). We review this claim de novo. *See Martin*, 408 F.3d at 1093.

*Muhammad v. United States*, 735 F.3d 812, 815 (8th Cir. 2013).

### C. Petitioner's Equitable Tolling Claim

I will consider the two prongs of Sosa-Jimenez's equitable tolling claim in turn. I will begin with the "diligence" prong.

#### 1. "Diligence"

Respondent disputes Sosa-Jimenez's "diligence" in pursuing his § 2255 Motion. *See Muhammad*, 735 F.3d at 815 (identifying the two prongs of an "equitable tolling" claim as "extraordinary circumstances" and "diligence"). As the Eighth Circuit Court of Appeals has explained,

> "The diligence required for equitable tolling purposes is 'reasonable diligence' not 'maximum feasible diligence.'" *Holland*, 130 S. Ct. at 2565 (internal citations and quotation marks omitted). In *Holland*, the Supreme Court decided the habeas petitioner had acted with reasonable diligence when he wrote his attorney numerous letters requesting information and providing direction; repeatedly contacted state courts, state court clerks, and the state bar association in an attempt to have his attorney removed from the case; and prepared his own habeas petition and filed it on the very day he discovered he was out of time. *Id*.
>
> This court has found a section 2255 movant demonstrated diligence when he hired counsel well ahead of the deadline, "did everything in [his] power to stay abreast of

> the status of his case," provided original documents to his attorney to assist with the motion, filed a complaint with the state bar, and filed motions with the district court seeking an extension of time and the return of documents submitted to the attorney. *Martin*, 408 F.3d at 1095.

*Muhammad*, 735 F.3d at 816-17; *accord Anjulo-Lopez v. United States*, 541 F.3d 814, 818 (8th Cir. 2008) ("'Due diligence therefore does not require a prisoner to undertake repeated exercises in futility or to exhaust every imaginable option.' *Aron v. United States*, 291 F.3d 708, 712 (11th Cir. 2002). But, it does at least require that a prisoner make *reasonable* efforts to discover the facts supporting his claims. *Id.*" (emphasis in the original)).

In *Muhammad*, the court concluded that the prisoner had not acted diligently, because he did nothing to monitor the status of his case, but simply assumed "inexplicably" that his attorney's failure to respond to his inquiries meant that the attorney "was working on his case." *Id.* at 817. The court contrasted that conduct with another prisoner's attempts to contact the court to determine if his attorney had filed his § 2255 Motion, which the court described as "an action that certainly would fall under 'reasonable diligence' in th[at] case." *Id.* (citing *Anjulo–Lopez*, 541 F.3d at 819). The court noted that, even after learning of his deadline, the prisoner in *Muhammad* did not file his § 2255 Motion "immediately" and that the time for filing expired in the interim between his learning of the deadline and his submission of the motion. *Id.*; *see also Deroo v. United States*, 709 F.3d 1242, 1246 (8th Cir. 2013) (holding that a prisoner had failed to demonstrate "diligence" for purposes of equitable tolling for the same reason that he had failed to show "diligence" to invoke the statute of limitations under § 2255(f)(4), where he had waited several years before pursuing expungement of his disciplinary actions); *Anjulo-Lopez*, 541 F.3d at 818-19 (finding that the prisoner had not used reasonable efforts to discover the facts underlying his claim, so he had not acted

diligently, where he waited an entire year before he even tried to contact his attorney about his appeal, and the lack of any notice of appeal was a matter of public record, which a duly diligent person in the prisoner's position could have discovered).

Here, the parties dispute whether Sosa-Jimenez requested that his trial counsel file a notice of appeal on his behalf. However, on a motion for summary judgment, I must view the facts in the light most favorable to Sosa-Jimenez. *See Torgerson*, 643 F.3d at 1042–43. Sosa-Jimenez avers in his affidavit that his attorney told him at the time of sentencing that he would file an appeal. He further swears that he wrote his attorney "many times" about the status of his appeal but "never heard anything." Petitioner's Aff. at ¶ 5. Sosa-Jimenez's affidavit points to nothing else that he did while in prison to verify that his appeal had been filed. He could have easily inquired with the court. Nothing prohibited him from making reasonable inquiries, yet there is no evidence that Sosa-Jimenez did anything at all. Sosa-Jimenez is exactly like the petitioner in *Muhammad*, who "inexplicably" assumed that his attorney's failure to respond to his inquiries meant that the attorney "was working on his case." *Muhammad*, 735 F.3d at 817; *see also Anjulo-Lopez*, 541 F.3d at 817 (recognizing the fact that an appeal was not filed is a matter of public record that could have been discovered by "a duly diligent person."). Sosa-Jimenez reasonably should have known, well before the expiration of the one-year limitations deadline, that no appeal had been filed. Due diligence requires that a petitioner actually do something. Sosa-Jimenez has not demonstrated that he did anything that would constitute due diligence.

### 2. *"Extraordinary circumstances"*

As the Eighth Circuit Court of Appeals has also explained,

> An attorney's negligence or mistake is not generally an extraordinary circumstance, however "serious attorney misconduct, as opposed to mere negligence, 'may warrant equitable tolling.'" *Martin*, 408 F.3d at 1093 (quoting *Beery*

11

> *v. Ault*, 312 F.3d 948, 952 (8th Cir. 2002)). For example, the Supreme Court remanded for a lower court to make an extraordinary-circumstances determination where the attorney "failed to file [the client's] federal petition on time despite [the client's] many letters that repeatedly emphasized the importance of his doing so," "apparently did not do the research necessary to find out the proper filing date," "failed to inform [the client] in a timely manner about the crucial fact that the Florida Supreme Court had decided his case," and "failed to communicate with his client over a period of years." *Holland*, 130 S. Ct. at 2564.
>
> Comparatively, we have found extraordinary circumstances in a situation where the movant's attorney "consistently lied to [the movant] and his wife about the filing deadline; repeatedly lied to [the movant] and his wife about the status of [the movant's] case; refused to communicate with [the movant] or his family; neglected to file any documents, belated or not, on [the movant's] behalf; and failed to return any of [the movant's] paperwork to him despite repeated requests and then demands." *Martin*, 408 F.3d at 1095.

*Muhammad*, 735 F.3d at 816.

The court in *Muhammad* concluded that the petitioner in that case had not alleged circumstances that came close to those in *Holland* or *Martin*, because, despite the attorney's alleged initial statement that she would file a § 2255 motion for the petitioner, the attorney then quit communicating with the petitioner; the attorney did not lie to the petitioner about the deadlines for filing his motion, or repeatedly tell him that she would file the motion; the attorney did not fail to communicate critical information about the petitioner's case; and the attorney did not withhold from the petitioner necessary paperwork to prepare the motion. *Id.* Furthermore, while the court did not "condone" the attorney's failure to respond to the petitioner's attempts to contact her, the court concluded that the attorney's actions did not amount to "extraordinary circumstances." *Id.*

Here, Sosa-Jimenez has failed to generate a genuine issue of material fact that extraordinary circumstances beyond his control made it impossible for him to file his § 2255 motion on time. Again, viewing the facts in the light most favorable to Sosa-Jimenez, s*ee Torgerson*, 643 F.3d at 1042–43, Sosa-Jimenez has not established egregious attorney misconduct even close to that discussed in *Muhammed*, *Holland*, or *Martin*. In his affidavit, Sosa-Jimenez alleges that his counsel told him, at the time of his sentencing, that he would file his notice of appeal. He further swears that he wrote his attorney "many times" about the status of his appeal but "never heard anything." Petitioner's Aff. at ¶ 5. This does not come close to alleging the type of egregious attorney misconduct identified in *Muhammed*, *Holland*, or *Martin* that would have caused him to delay filing his § 2255 motion for over two years. *See Holland v. Florida*, 560 U.S. 631, 653 (2010); *Muhammad*, 735 F.3d at 816; *United States v. Martin*, 408 F.3d 1089, 1094 (8th Cir. 2005). In particular, Sosa-Jimenez makes no allegation of deceit, misrepresentation, or other serious misconduct on the part of his attorney that prevented him from timely filing his § 2255 motion. Thus, Sosa-Jimenez has not demonstrated extraordinary circumstances that prevented him from timely filing his § 2255 motion.

### 3. *Disposition*

In summary, I conclude that, as a matter of law, Sosa-Jimenez did not act "diligently" in filing his § 2255 motion. *See Torgerson*, 643 F.3d at 1042-43 (for summary judgment to be proper, the non-movant must not only fail to generate genuine issues of material fact, but the movant must be entitled to summary judgment as a matter of law). I also conclude, as a matter of law, that Sosa-Jimenez has not established that "extraordinary circumstances" of his attorney's misconduct prevented him from filing a timely § 2255 Motion. Because Sosa-Jimenez had not established either element of equitable tolling, equitable tolling is not warranted in this case. Without equitable tolling, Sosa-Jimenez's § 2255 motion is untimely and must be denied.

### D. Certificate Of Appealability

Sosa-Jimenez must make a substantial showing of the denial of a constitutional right in order to be granted a certificate of appealability in this case. *See Miller-El v. Cockrell*, 537 U.S. 322 (2003); *Garrett v. United States*, 211 F.3d 1075, 1076-77 (8th Cir. 2000); *Mills v. Norris*, 187 F.3d 881, 882 n.1 (8th Cir. 1999); *Carter v. Hopkins*, 151 F.3d 872, 873-74 (8th Cir. 1998); *Ramsey v. Bowersox*, 149 F.3d 749 (8th Cir. 1998); *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997). "A substantial showing is a showing that issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." *Cox*, 133 F.3d at 569. Moreover, the United States Supreme Court reiterated in *Miller-El v. Cockrell* that "'[w]here a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.'" *Miller-El,* 537 U.S. at 338 (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). I determine that Sosa-Jimenez's motion does not present questions of substance for appellate review, and, therefore, does not make the requisite showing to satisfy § 2253(c). *See* 28 U.S.C. § 2253(c)(2); FED. R. APP. P. 22(b). Accordingly, with respect to Sosa-Jimenez's claims, I do not grant a certificate of appealability pursuant to 28 U.S.C. § 2253(c). Should Sosa-Jimenez wish to seek further review of his petition, he may request a certificate of appealability from a judge of the United States Court of Appeals for the Eighth Circuit. *See Tiedman v. Benson*, 122 F.3d 518, 520-22 (8th Cir. 1997).

### *III. CONCLUSION*

For the reasons discussed above, respondent's motion for summary judgment is granted and Sosa-Jimenez's Motion Under 28 U.S.C. § 2255 is denied in its entirety. This case is dismissed. No certificate of appealability will issue for any claim or contention in this case.

**IT IS SO ORDERED**.

**DATED** this 11th day of February, 2014.

_____
MARK W. BENNETT
U.S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA